# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

EARTHWATCH INSTITUTE, INC.,

     Plaintiff,

       v.

DIGITALGLOBE, INC.,

     Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

Plaintiff Earthwatch Institute, Inc. by its undersigned attorneys, by way of its Complaint herein, alleges as follows:

## THE PARTIES

1.      Plaintiff Earthwatch Institute, Inc. ("Earthwatch") is a Massachusetts Non-Profit Corporation having an address at 1380 Soldiers Field Road, Boston, Massachusetts 02135. Earthwatch was founded in 1971, and supports world-class research through a "citizen science" model by providing transformational educational opportunities to promote the understanding and action necessary for a sustainable environment. Earthwatch has several offices worldwide, including in the United States, United Kingdom, India, Japan, and Australia.

2.      As part of its mission, Earthwatch leads expeditions that empower ordinary people to collect valid and valuable scientific data, while providing those individuals with unique experiences and access to leading scientists. It works with the general public, scientists, communities, educators, students, and corporate fellows, and its projects take place in more than

1

forty countries around the globe. With the data collected from its expeditions, Earthwatch

facilitates and disseminates world-class scientific research in the form of peer-reviewed

publications. Earthwatch supports research that helps address important global issues, including

climate change, ocean health, sustainable agriculture, urban resiliency, human-wildlife

coexistence, and restoring ecosystems. A printout of a case study from Earthwatch's website

describing such an expedition is attached hereto as **Exhibit 1**.

3.      On information and belief, Defendant DigitalGlobe, Inc. ("DigitalGlobe") is a

Delaware corporation, having as address at 1300 W. 120th Avenue, Westminster, Colorado

80234. According to its website, DigitalGlobe delivers high resolution satellite imagery,

"delivering clearer, richer images that empower informed decision-making." (*See*

https://www.digitalglobe.com/company/about-us.) Among other uses, DigitalGlobe asserts that

its satellite imagery can be used to monitor the natural environment in order to "[e]valuate

current conditions in the areas of interest and monitor change over time"; to "[p]rotect precious

resources by monitoring areas for natural impacts or threats from illegal operations"; to "[b]etter

understand and track crop health to increase productivity or overall yield"; and for sustainable

development to "[e]nrich your understanding of the interplay between the built and natural

environment for more harmonious planning." (*See* https://www.digitalglobe.com/markets/global-

development).

4.      On information and belief, DigitalGlobe has continuously operated in this district

by offering its goods and services to consumers in Massachusetts through its website

<digitalglobe.com> and associated web portals, including <https://earthwatch.digitalglobe.com>.

<u>JURISDICTION AND VENUE</u>

5.      This court has subject matter jurisdiction over this action pursuant to 28

2

U.S.C. §§ 1338(a) and (b), and pursuant to the doctrine of supplemental jurisdiction as codified in Title 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## COUNT I - FEDERAL TRADE MARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

7.      For over 45 years, Earthwatch has used its distinctive EARTHWATCH marks in connection with arranging and conducting its non-profit educational exploratory expeditions, scientific seminars, and training groups; on educational printed materials relating to geography, mapping, science and the environment; and on other goods. Earthwatch has extensively promoted and used the EARTHWATCH marks nationally (and internationally) in connection with these goods and services, and has used the mark on marketing materials, signage, brochures, websites, and on certains goods and labels and tags therefor. As a result of this extensive use and promotion, the EARTHWATCH mark has become a strong and well-known source indicator for Earthwatch's goods and services.

8.      As a non-profit corporation with a limited marketing budget, Earthwatch relies heavily on its Internet search rankings to connect with new customers, who often locate Earthwatch through search engines keyword searches.

9.      Earthwatch is the owner of the following federally-registered trademarks:

| Registration No. | Mark | Goods | Registration Date |
|---|---|---|---|
| 2,461,115 | EARTHWATCH INSTITUTE | Class 16: printed matter and publications, namely, activity books, brochures, pamphlets, newsletters, posters, post cards, calendars, decals, printed luggage tags, stationery and other printed | June 19, 2001 |

| Registration No. | Mark | Goods | Registration Date |
|---|---|---|---|
| | | instructional and teaching materials relating to geography, mapping, science and the environment.<br><br>Class 25: apparel, namely, t-shirts, sweatshirts and hats.<br><br>Class 26: novelty buttons, and patches for clothing.<br><br>Class 41: education and entertainment services relating to geography, mapping, science and the environment, namely, educational programs in the nature of scientific seminars, training groups, mentoring programs, on-line instructional programs, radio programs and television programs.<br><br>Class 42: providing information via a global communications network concerning science and the environment and leasing time to computer data bases, maintaining of world wide web home pages in the scientific and environmental field. | |
| 2,154,564 | EARTHWATCH | Class 9: computer software and pre-recorded CD-ROM software programs in the field of scientific expeditions, environmental monitoring, geography and mapping.<br><br>Class 16: printed matter and publications, namely, activity books, brochures, pamphlets, newsletters, posters, post cards, calendars, decals, printed luggage tags, stationery and other printed instructional and teaching materials relating to geography, mapping, science and the | May 5, 1998 |

| Registration No. | Mark | Goods | Registration Date |
|---|---|---|---|
| | | environment. | |
| | | Class 21: glassware, namely, mugs and cups. | |
| | | Class 25: apparel, namely, T-shirts, sweatshirts and hats. | |
| | | Class 26: novelty buttons, and patches for clothing. | |
| | | Class 41: education and entertainment services relating to geography, mapping, science and the environment, namely, educational programs in the nature of scientific seminars, training groups, mentoring programs, on-line instructional programs, and television programs. | |
| | | Class 42: providing information via a global communications network concerning science and the environment and leasing time to computer data bases, maintaining of World Wide Web home pages in the scientific and environmental field. | |
| 1,255,297 | EARTHWATCH | Class 16: magazines relating to the conduct and results of research and educational expeditions. | October 25, 1983 |
| 1,050,322 | EARTHWATCH | Class 41: arranging and conducting educational exploratory expedition. | October 12, 1976 |

10.    True and correct copies of these registrations (collectively covering the "EARTHWATCH Marks") and printouts of their current status from the records of the United States Patent & Trademark Office (USPTO) are attached hereto as **Exhibit 2**. Earthwatch's right

to use the EARTHWATCH Marks has been made incontestable under 15 U.S.C. § 1065. Consequently, the registrations for the EARTHWATCH Marks constitute conclusive evidence of the validity of those registered marks and of the registrations of the marks, of Earthwatch's ownership of the marks, and of Earthwatch's exclusive right to use the marks in commerce, pursuant to 15 U.S.C. § 1115(b), in connection with the recited goods.

11.     Notwithstanding Earthwatch's extensive promotion and use of the EARTHWATCH Marks, notwithstanding the renown of the EARTHWATCH Marks, and notwithstanding Earthwatch's incontestable registrations for the EARTHWATCH Marks, DigitalGlobe has recently commenced use of the designation EARTHWATCH in connection with its satellite imagery services. In particular, on information and belief, DigitalGlobe's EARTHWATCH service (*accessible at* <https://earthwatch.digitalglobe.com>) provides subscribers with access to its satellite imagery in order to, as noted above, monitor the natural environment to "[e]valuate current conditions in the areas of interest and monitor change over time"; to "[p]rotect precious resources by monitoring areas for natural impacts or threats from illegal operations"; and for sustainable development to "[e]nrich your understanding of the interplay between the built and natural environment for more harmonious planning":



12.     DigitalGlobe has been well aware of Earthwatch's rights in the EARTHWATCH
Marks for many years. In fact, DigitalGlobe previously operated under the name EarthWatch
Incorporated, and used the designation EARTHWATCH in connection with its same services at
issue.

13.     In May 1995, Plaintiff Earthwatch wrote to EarthWatch Incorporated, notifying
the latter of Plaintiff's EARTHWATCH Mark and demanding that EarthWatch Incorporated
change its name and cease using the EARTHWATCH Mark.

14.     EarthWatch Incorporated changed its name to DigitalGlobe, Inc. as of August 21,
2002, and, upon information and belief, ceased using the EARTHWATCH designation until

2018. A true and correct copy of the name change recorded with the USPTO is attached hereto as **Exhibit 3**.

15.     DigitalGlobe's recent decision to resume using the confusingly similar EARTHWATCH designation in connection with its services is bound to cause confusion, mistake, and deception as to the source, sponsorship, or affiliation of those services.  The marks are identical, and the parties' respective goods and services overlap and/or are highly related. Furthermore, both companies' goods and services are targeted to consumers (including scientists and non-scientists) interested in generating and using information to address important global issues, including climate change, environmental protection, and sustainable agriculture, among others.

16.     A press release this month by Maxar Technologies Inc., believed to be a corporate parent of DigitalGlobe, identified some of the customers of DigitalGlobe's EARTHWATCH service as government and non-government organizations. A true and correct copy of the press release is attached hereto as **Exhibit 4**. One organization identified is West Riverside County Regional Conservation Authority ("RCA"). According to its website, RCA performs services highly related to those provided by Earthwatch, including a Biological Monitoring Program that entails "an inventory to determine where covered species occur, gather more information on habitat preferences and life cycle, and develop protocols to make sure the surveys detect species if they are present." A true and correct screenshot of RCA's website is attached hereto as **Exhibit 5**. The highly related nature of the parties' respective services here is confirmed by the fact that a field-based conservation research entity offering services highly related to those offered by Earthwatch has engaged DigitalGlobe's EARTHWATCH service.

17.     Customers and potential customers are bound to believe that DigitalGlobe's

services emanate from, or are licensed and approved by Earthwatch. Any dissatisfaction with DigitalGlobe's services will reflect upon and irreparably damage the reputation and goodwill of Earthwatch embodied in its EARTHWATCH Marks.

18.     DigitalGlobe's use of the EARTHWATCH Mark on the Internet threatens to negatively impact Earthwatch's search engine rankings, blocking one of the most important (and cost-effective) avenues by which the non-profit Earthwatch markets to and connects with previous, current, and prospective customers.

19.     Earthwatch is already aware of instances of actual confusion brought about by DigitalGlobe's use of the EARTHWATCH designation. Earlier this year, a potential new customer of Earthwatch contacted the company by phone, revealing that he had attempted to visit Earthwatch's website but was instead directed to DigitalGlobe's website using the EARTHWATCH designation. The customer was aware of Earthwatch's expedition services, but had been confused by the references to digital imagery on DigitalGlobe's website, and was unclear as to the relationship between the parties and/or their services.

20.     DigitalGlobe's use of the EARTHWATCH designation in connection with its services constitutes an infringement of the EARTHWATCH Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21.     Unless permanently enjoined by this Court, the acts of DigitalGlobe will cause irreparable injury and damage to Earthwatch and its valuable trademark rights, for which damage and injury there exists no adequate remedy at law.

22.     DigitalGlobe knew, or acted in reckless disregard of the fact, of Earthwatch's superior rights in the EARTHWATCH Marks, but proceeded to infringe those marks anyway.

DigitalGlobe's actions are therefore knowing and willful.

## COUNT II – COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

23.     Earthwatch repeats and re-alleges the allegations of paragraphs 1–22 above.

24.     The EARTHWATCH Marks are inherently distinctive and protectable trademarks. As a result of Earthwatch's longstanding and extensive use and promotion of the marks, the marks are strong source indicators of Earthwatch's goods and services. Accordingly, Earthwatch owns common law trademark rights in the EARTHWATCH Marks, which are entitled to protection under the Lanham Act and the laws of Massachusetts.

25.     DigitalGlobe's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that DigitalGlobe is affiliated with, related to, sponsored by, or connected with Earthwatch, in violation of the common law of the Commonwealth of Massachusetts. DigitalGlobe's conduct also constitutes an attempt to trade on the goodwill that Earthwatch has developed, all to the damage of Earthwatch, in violation of the common law of trademark infringement and unfair competition.

26.     Unless permanently enjoined by this Court, the acts of DigitalGlobe will cause irreparable injury and damage to Earthwatch and its valuable trademark rights, for which damage and injury there exists no adequate remedy at law.

## COUNT III – VIOLATION OF MASSACHUSETTS GENERAL LAWS, Ch. 93A

27.     Earthwatch repeats and re-alleges the allegations of paragraphs 1–26 above.

28.     Earthwatch's  claim arises under Mass. Gen. Laws, ch. 93A, §§ 2, 11.

29.     DigitalGlobe is engaged in the conduct of trade or commerce.

30.     As set forth above, the EARTHWATCH Marks are distinctive and/or have acquired secondary meaning and therefore qualify for protection under the law of the Commonwealth of Massachusetts.

31.     The acts of DigitalGlobe complained of herein occurred substantially within the Commonwealth of Massachusetts.

32.     DigitalGlobe's infringing use of the EARTHWATCH Marks is likely to cause confusion as to the source of its services, and falsely suggest Earthwatch's endorsement or sponsorship of those goods, and constitute an unfair method of competition. DigitalGlobe's acts are in violation of Mass. Gen. Laws ch. 93A, §§ 2, 11.

33.     Unless permanently enjoined by this Court, the acts of DigitalGlobe will cause irreparable injury and damage to Earthwatch and its valuable trademark rights, for which damage and injury there exists no adequate remedy at law.

* * * * * * * *

WHEREFORE, Earthwatch demands judgment against DigitalGlobe as follows:

A.     That the Court find that DigitalGlobe's actions constitute trademark infringement and unfair competition, and are in violation of Mass. Gen. Laws, ch. 93A.

B.     That DigitalGlobe be preliminarily and permanently enjoined from using the EARTHWATCH Marks.

C.     That DigitalGlobe be ordered to file with this Court and to serve upon Earthwatch within thirty days of service of the injunctions requested herein, a report in writing, under oath,

setting forth in detail the manner and form in which DigitalGlobe has complied therewith.

D.      That DigitalGlobe pay to Earthwatch such damages as Earthwatch has incurred by reason of the actions complained of herein, and any gains, profits, and advantages realized by DigitalGlobe.

E.      That DigitalGlobe's acts of infringement and unfair competition be found to have been knowing and willful.

F.      That Earthwatch recover its costs in this civil action, as well as its reasonable attorneys' fees and other expenses.

G.      That DigitalGlobe pay to Earthwatch treble damages pursuant to Mass. Gen. Laws ch. 93A, § 11.

H.      That this Court grant such other and further relief as it deems just and proper.

**<u>Demand for Jury Trial</u>**

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff hereby demands trial by jury of all issues so triable.

Dated:  May 20, 2019

Respectfully submitted,

EARTHWATCH INSTITUTE, INC.,

By its attorneys,

 /s/ Nathan T. Harris
Nathan T. Harris (BBO # 675533)
Peter C. Lando (BBO #559364)
LANDO & ANASTASI, LLP
One Main Street, Eleventh Floor
Cambridge, MA  02142
(617) 395-7000
nharris@lalaw.com
plando@lalaw.com

13